UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | |
|---|---|
| **DIRECTORS OF THE OHIO CONFERENCE OF PLASTERERS AND CEMENT MASONS COMBINED FUNDS, INC.**<br>33 Fitch Boulevard<br>Austintown, OH 44515<br><br>**Plaintiffs,**<br><br>v.<br><br>**LMS CONSTRUCTION, INC.**<br>58970 Kirkland Hill<br>Bellaire, OH 43906<br><br>**Defendant.**<br><br>**SERVE ON:**<br><br>Kathy Hammond, Statutory Agent<br>58970 Kirkland Hill<br>Bellaire, OH 43906 | Case No. 2:21-cv-864 |

## COMPLAINT

1. Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Plaintiffs" or "Combined Funds") are managers of the entity responsible for collections on behalf of various employee benefit funds. Defendant, LMS Construction, Inc. ("Defendant" or "LMS"), is an employer that is obligated to make contributions to the benefit funds so that its employee(s) may participate and receive the employee benefits provided by the benefit funds. Defendant is required to make contributions to the benefit funds at an hourly rate determined by contract, and to pay contributions on behalf of each hour worked by its employees performing work covered by such contract. When an employer like Defendant fails to make

contributions to the benefit funds as required, employees and their dependents' benefits are placed in jeopardy. Due to Defendant's failure to make contributions to the benefit funds, their employees and their dependents' benefits are placed in jeopardy. The benefit funds have a fiduciary duty to attempt to collect all amounts due, and therefore must act accordingly. Defendant has failed to make contributions to the benefit funds as contractually required, and thus this suit is levied.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund and failing to pay liquidated damages. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Columbus Division.

## PARTIES

4. Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Plaintiffs" or "Combined Funds") manage the Ohio nonprofit corporation, established by a number of employee benefit plans associated with local unions of the Operative Plasterers' & Cement Masons' International Association of the United States & Canada, AFL-CIO, for the purposes of monitoring and collecting contributions, deductions, interest, liquidated

damages, assessments, penalties, costs, and fees owed to certain employee benefit plans. Plaintiffs' principal place of business is located at 33 Fitch Boulevard, Austintown, Ohio 44515.

5. Defendant, LMS Construction, Inc. ("Defendant" or "LMS"), is an Ohio incorporated company with its principal place of business at 58970 Kirkland Hill, Bellaire, OH 43906. At all material times herein, Defendant was an employer as defined by 29 U.S.C. §§ 152(2) and 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in 29 U.S.C. §§ 1002(11) and 1002(12).

## RELEVANT FACTS

6. The Ohio Conference of Plasterers and Cement Masons Health and Welfare Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement"), for the purpose of providing health insurance to eligible employees. (Exhibit A, Health Fund Trust Agreement, at p. 7). The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

7. The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Board of Trustees is the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

8. The Board of Trustees is vested with the authority to collect employer contributions due to the Health Fund. (Exhibit A, at p. 15). Additionally, the Board of Trustees is vested with the authority to designate persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law. (Exhibit A, at p. 16). The Board of Trustees delegated its authority to collect contributions due to the Health Fund to Plaintiffs.

3

9. The Operative Plasterers and Cement Masons Local Union No. 109 Pension Fund ("Pension Fund") was established by an Agreement and Declaration of Trust ("Pension Fund Trust Agreement"), for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit B, Pension Fund Trust Agreement, p. 6). The Pension Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3), 29 U.S.C. §§ 1002(2) and 1002(3). The Pension Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

10. The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Board of Trustees is the "plan sponsor" of the Pension Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

11. The Board of Trustees is vested with the authority to collect employer contributions due to the Pension Fund. (Exhibit B, Pension Fund Trust Agreement at p. 20). Additionally, the Board of Trustees is vested with the authority to designate persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law. (Exhibit B, Pension Fund Trust Agreement at p. 25). The Board of Trustees delegated its authority to collect contributions due to the Pension Fund to Plaintiffs.

12. Plaintiffs adopted a Contribution, Collection and Overpayment Policy ("Collection Policy") to ensure employers remit benefit contributions in a timely and orderly manner. (Exhibit C, Collection Policy).

13. On August 12, 2010, Defendant by and through its duly authorized agent, executed a Collective Bargaining Agreement ("CBA"), thereby becoming a party to the terms of the CBA. (Exhibit D, 2010-2013 CBA).

14. As a signatory of the CBA, Defendant is obligated to submit monthly contribution reports, which detail the number of hours of covered work performed by its employees, and is similarly obligated to remit contribution payments to the Health Fund and Pension Fund, along with contributions to other employee benefit plans. (Exhibit C, Collection Policy, pp. 2-3).

15. Defendant has failed to submit monthly contribution reports, and has similarly failed to remit contribution payments for the period of January 1, 2018 through December 31, 2019, despite having a contractual obligation to do so under the terms of the CBA. (Exhibit E, Audit Report).

16. A payroll audit of Defendant's records and books was performed for the period January 1, 2018 through December 31, 2019. The payroll audit found that Defendant underreported the number of hours of covered work its employees performed during the relevant period, resulting in delinquent contributions of $53,198.66. (Exhibit E, Audit Report).

17. The terms of the CBA provide that contribution payments owed to the Health Fund and Pension Fund are due by the 15th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, p. 2-3). Contribution payments which are not received by the due date are considered delinquent. (Exhibit C, Collection Policy, p. 2-3). Delinquent contributions are automatically assessed liquidated damages equal to 10% of the unpaid contribution amount, plus interest accruing at the rate of 1% per month. (Exhibit C, Collection Policy, p. 2). Accordingly, Defendant is liable to Plaintiffs for $5,319.87 in liquidated damages and $10,107.80 in accrued interest through February 15, 2021, plus all on-going interest.

18. The Collection Policy provides that Defendant must pay audit costs because its contribution delinquency is greater than $500.00. Accordingly, Defendant is responsible for $3,080.00 in audit costs. (Exhibit C, Collection Policy, p. 2)

19. The Collection Policy provides that when legal assistance is required to compel an audit, all professional fees are the responsibility of the employer and Defendant is obligated to pay those fees that have accrued. (Exhibit C, Collection Policy, p. 3)

20. As a result of Defendant's failure to submit monthly contribution reports and contribution payments for the period January 1, 2018 through December 31, 2019, Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages, accrued interest, and audit costs in the amount of $71,706.33 plus any on-going attorney's fees, costs, and on-going interest in an amount to be determined pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); ERISA § 515, 29 U.S.C. § 1145; and LMRA § 301, 29 U.S.C. § 185.

**COUNT I**
**ERISA § 515, 29 U.S.C. § 1145**
**Failure to Remit Contributions/Reports**

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, 2010-2013 CBA). As a signatory of the CBA, Defendant is obligated to remit contributions to the Health Fund and Pension Fund, along with contributions to other employee benefit plans by the 15th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy p. 2).

23. The Trust Agreements are incorporated into the CBA by reference. The Trust Agreements require that Defendant make certain benefit contributions as required by the CBA. (Exhibit A, Health Fund Trust Agreement, p. 23; Exhibit B, Pension Fund Trust Agreement, p. 10).

24. Defendant has failed to submit monthly contribution reports, and has similarly failed to remit contribution payments for the period of January 1, 2018 through December 31,

6

2019, despite having a contractual obligation to do so under the terms of the CBA and Trust Agreements.

25. A payroll audit of Defendant's records and books was performed for the period January 1, 2018 through December 31, 2019. The Audit Report found that Defendant underreported the number of hours of covered work its employees performed during the relevant period, resulting in delinquent contributions of $53,198.66. (Exhibit E, Audit Report).

26. Defendant's failure to submit monthly contribution reports and contribution payments for the period January 1, 2018 through December 31, 2019 is in violation of ERISA § 515, 29 U.S.C. § 1145. Therefore, Defendant is liable to Plaintiffs for delinquent contributions in the amount of $53,198.66 pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT II
### LMRA § 301, 29 U.S.C. § 185
### Breach of Contract and Failure to Remit Contributions/Reports

27. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

28. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, 2010-2013 CBA). As a signatory of the CBA, Defendant is obligated to remit contributions to the Health Fund, Pension Fund, and Annuity Plan, along with contributions to other employee benefit plans by the 15th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy pp. 2-3).

29. The Trust Agreements are incorporated into the CBA by reference. The Trust Agreements require that Defendant make certain benefit contributions as required by the CBA. (Exhibit A, Health Fund Trust Agreement, p. 23; Exhibit B, Pension Fund Trust Agreement, p. 10).

30. Defendant has failed to submit monthly contribution reports, and has similarly failed to remit contribution payments for the period of January 1, 2018 through December 31, 2019, despite having a contractual obligation to do so under the terms of the CBA and Trust Agreements.

31. A payroll audit of Defendant's records and books was performed for the period January 1, 2018 through December 31, 2019. The Audit Report found that Defendant underreported the number of hours of covered work its employees performed during the relevant period, resulting in delinquent contributions of $53,198.66. (Exhibit E, Audit Report).

32. Defendant's conduct is in breach of the CBA and Trust Agreements, and therefore Plaintiffs are entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT III
### ERISA § 515, 29 U.S.C. § 1145
### Failure to Pay Liquidated Damages & Interest

33. Plaintiffs reallege each averment set forth as if fully rewritten herein.

34. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, 2010-2013 CBA). As a signatory of the CBA, Defendant is obligated to remit contributions to the Health Fund and Pension Fund, along with contributions to other employee benefit plans by the 15th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy pp. 2-3).

35. Contribution payments which are not received by the due date are delinquent. (Exhibit C, Collection Policy, pp. 2-3). Delinquent contributions are automatically assessed liquidated damages equal to 10% of the unpaid contribution amount, plus interest accruing at 1% per month. (Exhibit C, Collection Policy pp. 2-3).

36. The payroll audit performed on Defendant's records and books for the period January 1, 2018 through December 31, 2019 disclosed that Defendant failed to remit contribution

payments due to the Health Fund and Pension Fund, by the respective due dates, resulting in delinquent contributions of $53,198.66. (Exhibit E, Audit Report). Therefore, Defendant is liable to Plaintiffs for $5,319.87 in liquidated damages, and $10,107.80 in accrued interest through February 15, 2021, plus all on-going interest.

37. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiffs are entitled to liquidated damages and interest pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

### COUNT IV
### LMRA § 301, 29 U.S.C. § 185
### Breach of Contract and Failure to Pay Liquidated Damages & Interest

38. Plaintiffs reallege each averment set forth as if fully rewritten herein.

39. At all material times herein, Defendant was a party to and agreed to abide by the terms of the CBA. (Exhibit D, 2010-2013 CBA). As a signatory of the CBA, Defendant is obligated to remit contributions to the Health Fund and Pension Fund, along with contributions to other employee benefit plans by the 15th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy pp. 2-3).

40. Contribution payments which are not received by the due date are delinquent. Delinquent contributions are automatically assessed liquidated damages equal to 10% of the unpaid contribution amount, plus interest accruing at 1% per month. (Exhibit C, Collection Policy p. 3).

41. The payroll audit performed on Defendant's records and books for the period January 1, 2018 through December 31, 2019 disclosed that Defendant failed to remit contribution payments due to the Health Fund and Pension Fund by the respective due dates, resulting in delinquent contributions of $53,198.66. (Exhibit E, Audit Report). Therefore, Defendant is liable

to Plaintiffs for $5,319.87 in liquidated damages, and $10,107.80 in accrued interest through February 15, 2021, plus all on-going interest.

42. The Collection Policy provides that LMS must pay audit costs because its contribution delinquency is greater than $500.00. Accordingly, Defendant is responsible for $3,080.00 in audit costs. (Exhibit C, Collection Policy, p. 2). Additionally, the Collection Policy provides that when legal assistance is required to compel an audit, all professional fees are the responsibility of the employer and Defendant is obligated to pay those fees that have accrued. (Exhibit C, Collection Policy, p. 3).

43. As a result of Defendant's breach of contract, Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages and accruing interest in an amount of $71,706.33 pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE,** Plaintiffs demand the following relief:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 1, 2018 through December 31, 2019, in an amount of $53,198.66;

B. Judgment in favor of Plaintiffs and against Defendant for accumulated interest in the amount of $10,107.80 and liquidated damages in the amount of $5,319.87 for the delinquent contributions during the months of January 1, 2018 through December 31, 2019, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C. Judgment in favor of Plaintiffs and against Defendant for the audit costs for the January 1, 2018 through December 31, 2019 payroll audit, in an amount of $3,080.00;

D. That this Court retain jurisdiction over this cause pending compliance with all Orders;

  E. An award of reasonable attorney fees incurred in connection with this action as provided for by the Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

  F. Any other legal or equitable relief which the Court deems just as provided for under ERISA 502(g)(2)(E), 29 U.S.C. §1132 (g)(2)(E), pursuant to 502(a)(3), 29 U.S.C. §1132(a)(3).

    Respectfully submitted,

    s/ Jennie G. Arnold
    Jennie G. Arnold (0084697)
    Chad W. Eisenback (0100425)
    LEDBETTER PARISI LLC
    5078 Wooster Road, Suite 400
    Cincinnati, Ohio 45226
    937-619-0900
    937-619-0999 (fax)
    jarnold@fringebenefitlaw.com
    ceisenback@fringebenefitlaw.com
    *Counsel for Plaintiffs*